# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47711

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 4, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JACOBO VAZQUEZ-TORRES, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge; Hon. Benjamin D. Harmer, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate division, affirming judgment of conviction for excessive driving under the influence of alcohol, <u>reversed</u>; judgment of conviction, <u>vacated</u>; and <u>case remanded</u>.

Benoit, Alexander & Mollerup, PLLC; Michael D. Danielson, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Jacobo Vazquez-Torres appeals from the district court's order, on intermediate appeal, affirming a misdemeanor conviction. We reverse the district court's order, vacate the judgment of conviction, and remand the case to the magistrate court for the entry of a judgment of acquittal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2018, a vehicle left the highway, struck a reflective pole, and ran into a utility pole about five miles from Filer, Idaho. In response to a report that a vehicle was wrecked on the roadside, law enforcement located Vazquez-Torres in Filer and arrested him. Thereafter, the

1

State charged Vazquez-Torres with excessive driving under the influence (DUI), Idaho Code §§ 18-8004, 18-8004C, and failing to notify the property owner after striking a fixture adjacent to a highway. I.C. § 49-1304. Vazquez-Torres proceeded to a jury trial before the magistrate court.

At trial, the State called three eyewitnesses who testified they saw the wrecked vehicle on the roadside. Two witnesses, who were riding in the same vehicle, drove past the wreck and similarly testified that they saw a man leaning into the passenger door of the wrecked vehicle; they turned around and drove by the wreck again; then they saw the man walking away from the wreck; a white vehicle stopped; and the man got into the white vehicle. Further, they both testified that they did not see the man exit the driver's side of the wrecked vehicle but that they also did not see anyone else in or around the vehicle. After calling 911 to report the wreck, the witnesses followed the white vehicle into Filer at the dispatcher's direction until the Filer police made contact with the man.

The third witness was the driver of the white vehicle. She testified that when she drove by the wreck, she saw a man about ten feet from the wrecked vehicle, turned her vehicle around and drove back to the wreck, offered the man a ride, and drove him to Filer. Further, she testified she neither saw him in the driver's seat nor saw him exit the wrecked vehicle. She identified the man as Vazquez-Torres and testified that he smelled "really strong" of alcohol.

After the driver of the white vehicle dropped Vazquez-Torres off in Filer, Officers Vanleeuwen and Hoop made contact with Vazquez-Torres. Officer Vanleeuwen testified at trial to Vazquez-Torres's slurred speech, confused state, "disturbed gait," and odor of alcohol. Officer Hoop administered field sobriety tests, which Vazquez-Torres failed. A subsequent breathalyzer test showed Vazquez-Torres's blood alcohol concentration (BAC) was .236. Further, Officer Hoop testified he later investigated and determined the wrecked vehicle was registered to a female who had "the same last name as Mr. Vazquez," although Officer Hoop could not remember her name.

Ultimately, the jury found Vazquez-Torres guilty of excessive DUI and of failing to notify the property owner after striking a fixture adjacent to a highway. Vazquez-Torres appealed to the district court. On intermediate appeal, the district court vacated the conviction for failing to notify, noting the State did not present any evidence regarding whether Vazquez-Torres "made a reasonable attempt [to notify] the person in charge of the pole." The court,

2

however, concluded substantial evidence supported Vazquez-Torres's excessive DUI conviction. Specifically, the court noted that (1) three witnesses testified Vazquez-Torres "was the only person they saw near a wrecked vehicle"; two of those witnesses saw him "leaning in the passenger door"; one witness testified "the passenger door was open"; one witness "gave [him] a ride to Filer, and noticed [his] person emitted a strong smell of alcohol beverage"; and "[n]o other person was found to be near or in the wrecked vehicle." Based on this evidence, the district court affirmed Vazquez-Torres's excessive DUI conviction. Vazquez-Torres timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

## III.

## ANALYSIS

Vazquez-Torres argues the district court erred by concluding substantial evidence supports his excessive DUI conviction. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we

3

will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. "The relevant inquiry is not whether this Court would find the defendant to be guilty beyond a reasonable doubt, but whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Adamcik*, 152 Idaho 445, 460, 272 P.3d 417, 432 (2012) (internal quotations and citation omitted).

Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009); *State v. Stevens*, 93 Idaho 48, 50-51, 454 P.2d 945, 947-48 (1969). In fact, even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt. *Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993).

For an excessive DUI conviction, the State had to prove beyond a reasonable doubt that Vazquez-Torres's BAC was 0.20 or more and that he drove or was in "actual physical control of a motor vehicle," among other elements. *See* I.C. §§ 18-8004(1)(a) (establishing elements of DUI); 18-8004C(1) (establishing BAC for excessive DUI). "Actual physical control" is defined as "being in the driver's position of the motor vehicle with the motor running or with the motor vehicle moving." I.C. § 18-8004(5). Addressing the meaning of "actual physical control," the Idaho Supreme Court noted "the language is clear and unambiguous," and it "decline[d] to read any additional requirements into the statute." *State v. Eversole*, 160 Idaho 239, 244, 371 P.3d 293, 298 (2016).

Vazquez-Torres does not challenge that his BAC was more than 0.20. Rather, at issue is whether substantial evidence supports that Vazquez-Torres drove or was in actual physical control of the wrecked vehicle. Vazquez-Torres argues the jury convicted him based solely on his proximity to the wreck and not based on his actual physical control of the wrecked vehicle. Conversely, the State argues substantial evidence supports that Vazquez-Torres was in actual physical control of the wrecked vehicle because "he was the only person seen around the vehicle." Additionally, the State points to the evidence that (1) the two witnesses who drove by the wreck "saw a vehicle that had crashed off the side of a highway off-ramp"; (2) they "saw a

4

man (who was later identified as Vazquez-Torres) at the vehicle, leaning in the passenger door"; (3) "there was no one else inside [or] around the vehicle"; (4) the only person the driver of the white vehicle saw was Vazquez-Torres; (5) the driver of the white vehicle "did not see anyone else inside [or] around the vehicle" and "did not see anyone walking on the side of the road to or from the vehicle"; and (6) Officer Hoop testified "the vehicle was registered to a woman with the same last name as Vazquez-Torres."

Based on the State's evidence at trial, we respectfully disagree that substantial evidence supports Vazquez-Torres's excessive DUI conviction. In particular, the State failed to present any evidence that Vazquez-Torres actually physically controlled the wrecked vehicle at any time. As Vazquez-Torres notes, the State failed to present any evidence of facts, which may have at least circumstantially suggested his actual physical control of the wrecked vehicle. For example, no evidence indicates whether Vazquez-Torres possessed the keys to the vehicle when arrested, whether he was related to the vehicle's owner, whether he had the owner's permission to drive the vehicle, whether the owner denied wrecking the vehicle, and whether anyone actually stopped and inspected the vehicle to confirm no one else was present. Absent any evidence--circumstantial or otherwise--that Vazquez-Torres actually physically controlled the vehicle at any time, a rational trier of fact could not have found beyond a reasonable doubt that he did. *Compare State v. Rocha*, 157 Idaho 246, 250, 335 P.3d 586, 590 (Ct. App. 2014) (ruling jury could have reasonably inferred DUI based on circumstantial evidence that defendant was found asleep in driver's seat of broken down vehicle and admitted to driving vehicle after leaving bar until it broke down). Moreover, the State's argument that Vazquez-Torres was in actual physical control of the wrecked vehicle because "he was the only person seen around the vehicle" is a concession that the jury speculated Vazquez-Torres was in actual physical control based solely on his proximity to the wreck.

## IV.

## CONCLUSION

We hold that the State failed to present substantial evidence that Vazquez-Torres actually physically controlled the wrecked vehicle necessary to establish a conviction for excessive DUI. *See* I.C. § 18-8004(1)(a) (requiring proof of "actual physical control"). Accordingly, we reverse the district court's opinion, on intermediate appeal, affirming the excessive DUI conviction;

5

vacate the judgment of conviction for excessive DUI; and remand this case to the magistrate court for entry of a judgment of acquittal.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.