**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51216**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 28, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| HERVE BEYAM, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment of conviction and order denying motion to suppress, <u>affirmed</u>.

Silvey Law Office Ltd; Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Herve Beyam appeals from his judgment of conviction for felony operating a vehicle while under the influence of alcohol with excessive alcohol concentration (DUI), alleging the district court erred in denying his motion to suppress the results of the blood draw. Beyam asserts his consent for the blood draw was not voluntarily given because he did not knowingly or voluntarily waive his Fourth Amendment rights, the officer misstated the law, and the officer ignored the revocation of any implied consent. The State asserts the evidence supports the district court's finding that Beyam knowingly and voluntarily consented to the blood draw. The State further argues that Beyam's argument regarding the alleged misstatement of law is unsupported by cogent argument and authority, thus, is waived. Finally, the State argues that any claim regarding the revocation of the implied consent is unpreserved. We affirm the district court's order denying Beyam's motion to suppress and his judgment of conviction for DUI.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Police responded to a report of an individual who was passed out in the driver's seat of a vehicle in front of a business. Upon arrival, Officer Kingland found Beyam outside the vehicle. Officer Kingland observed Beyam's eyes were glassy, he smelled of alcohol, and the hood of his vehicle was warm to the touch. Officer Kingland asked Beyam to undergo field sobriety tests. After conducting the field sobriety tests, Officer Kingland determined that Beyam met the decision points for impairment and requested Beyam to provide a breath sample. Beyam refused to take the breath test so Officer Kingland asked if he would submit to a blood draw. Beyam said Officer Kingland could take his blood, but then asked what it was for. Officer Kingland told him it was for a driving under the influence investigation. The results of the blood draw showed a blood-alcohol concentration of 0.269.

Beyam was charged with felony DUI, Idaho Code § 18-8004C(2). Beyam filed a motion to suppress all evidence obtained from the blood draw. The district court heard argument and denied the motion to suppress. A trial was held and the jury found Beyam guilty. He appeals.

# II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

# III.

## ANALYSIS

Beyam makes three arguments on appeal. First, he argues he did not knowingly and voluntarily consent to a blood draw and, therefore, it was taken in violation of his Fourth Amendment rights. Second, he argues that because the officers falsely ordered that he had to choose between a breath alcohol content test or a blood alcohol content test, the misstatement of

2

law rendered any consent either involuntary or coerced. Finally, Beyam argues that when he declined to take a breath test, any implied consent that existed was revoked, thus, the subsequent request for a blood test was coerced because the officers did not respect the revocation of the implied consent. The State argues the district court correctly found Beyam's consent was voluntarily given, the issue regarding the alleged misstatement of law is unsupported by cogent argument and authority, and finally, that any argument regarding the revocation of the implied consent is not preserved. We address each argument in turn.

**A.      Consent**

Beyam asserts the district court erred in denying his motion to suppress because Beyam did not knowingly or voluntarily consent to the blood draw since he did not understand the request due to a language barrier.[1] Beyan asserts that his blood was taken in violation of the federal and state right against warrantless searches.[2] The State contends Beyam knowingly and voluntarily gave consent because his responses to Officer Kingland's questions and subsequent compliance demonstrated he understood what he was being asked.

"Warrantless searches are presumptively unreasonable. When a search is conducted without a warrant, the State carries the burden of demonstrating that the search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances." *State v. Hansen*, 167 Idaho 831, 835, 477 P.3d 885, 889 (2020) (internal quotations and citations omitted). Consent is one of the well-recognized exceptions to the warrant requirement. *Id*. "Where the validity of a search rests on consent, the State has the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given." *Florida v. Royer*, 460 U.S. 491, 497 (1983). Consent, either implied or actual, can be withdrawn. *State v. Rios*, 160 Idaho 262, 265, 371 P.3d 316, 319 (2016); *State v. Smith*, 159 Idaho 15, 25, 355 P.3d 644, 654 (Ct. App. 2015). Withdrawal of implied consent to one form of testing is considered a withdrawal of consent for all forms of testing. *State v. Eversole*, 160 Idaho 239, 244, 371 P.3d

---

[1]      Beyam's first language is French.

[2]      Although Beyam contends that both constitutions were violated, he provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Beyam's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

293, 298 (2016). However, a subsequent action or statement made within a reasonable time can renew consent to evidentiary testing. *Id.*

The State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). The State must show that consent was not the result of duress or coercion, either direct or implied. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973); *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct. App. 1993). The voluntariness of an individual's consent is evaluated in light of all the circumstances. *Whiteley*, 124 Idaho at 264, 858 P.2d at 803. Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances. *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003). An individual's consent is involuntary "if his will has been overborne and his capacity for self-determination critically impaired." *Schneckloth*, 412 U.S. at 225-26.

The district court considers several factors to determine voluntariness including the number of officers involved; the location and conditions of the consent; whether it was at night; whether the individual was free to leave; and whether the individual knew of his right to refuse consent. *State v. Garcia*, 143 Idaho 774, 778, 152 P.3d 644, 649 (Ct. App. 2006). Additionally, there is no requirement that police inform the individual he has a right to refuse consent. *Id.*

The district court scheduled a hearing on the motion to suppress. Prior to the hearing, the district court viewed the footage of one of the officer body cameras that recorded the interaction. At the hearing, another video of body camera footage was admitted but the court reviewed it after the hearing. Also, during the hearing, the two officers present at the scene testified regarding their interaction with Beyam. Following the hearing, the district court issued an order denying the motion to suppress the blood draw. The district court found that the officers testified credibly, and the body camera video objectively showed that Beyam consented to the blood draw. The district court evaluated all the circumstances and found that Beyam was able to answer Officer Kingland's questions and follow his directions, indicating his understanding of the requests. The district court also determined that based on Officer Kingland's interaction with Beyam, the officer was in a better position to evaluate facial expressions and body language, which are nuances the video may not have captured. Finally, the district court noted that Beyam did not object to or withdraw from the blood draw at the time the draw was conducted, viewing it "as factual evidence that sheds light

4

on Mr. Beyam's understanding earlier . . . of what was being asked of him and what was going to happen later because of that yes." In fact, Beyam allowed the blood draw to occur without comment. Ultimately, the district court found that Beyam's multiple positive responses to Officer Kingland's request demonstrated both a sufficient understanding of English and that he was being asked to consent to a blood draw. We agree.

The district court determined that based on the totality of the circumstances, Beyam's consent was voluntarily given. The video footage of the encounter between Beyam and the two officers shows that it occurred at night in the parking lot of a public business, and the interaction between Beyam and Officer Kingland was cordial. Beyam was able to answer questions regarding who he was, what he had been doing during the day, and various aspects of his physical limitations. When Officer Kingland asked about his driver's license, Beyam told Officer Kingland he had been in trouble before and that he had a pending DUI charge and a suspended driver's license. During the field sobriety tests, Beyam indicated he understood Officer Kingland's questions, although he did require a demonstration of the field sobriety tests to be performed and, at times, indicated he was not sure what the officer wanted him to do. The officer repeatedly checked with Beyam to make sure he understood the questions. The officer informed Beyam that he was not under arrest, but he was being detained for evidentiary purposes. After Officer Kingland requested a breath test, Beyam refused to provide one. Officer Kingland asked Beyam if he would agree to a blood test instead, and Beyam responded, "I can give you my blood" and asked what the blood was for. Officer Kingland told him the blood was for the DUI investigation and if he wanted to do the breath test, that would be easier. Beyam again agreed to provide his blood. Although English is not Beyam's first language, the district court found that Beyam understood what was happening and what the officers were asking him.

To the extent Beyam is asking this Court to reweigh the evidence and review the credibility of the witnesses, we decline to do so. This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998). The district court had sufficient and competent evidence to make a factual determination that Beyam's consent for the blood draw was knowingly and voluntarily given. Consequently, the district court did not err and there is no violation of the Fourth Amendment.

**B.** **Misstatement of the Law**

Second, Beyam argues that because Officer Kingland falsely ordered that Beyam had to choose between a breath test or a blood test, the misstatement of law rendered any consent he gave as either involuntary or coerced. The State contends the officer did not misstate the law because the officer did not have a duty to inform Beyam of every possible evidentiary test and it was the officer's choice as to which type of test to administer.

Although Beyam references the argument raised in the memorandum filed in the district court, he provides no cogent argument, additional authority, or citation to the record to support the argument on appeal. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Because there is no argument or authority provided on appeal, the issue is waived, and we decline to address it.

**C.** **Revocation of Implied Consent**

Beyam asserts any consent was coerced because the officer did not respect the revocation of his implied consent when he declined to participate in a breath test. However, Beyam did not make this argument in the district court. Instead Beyam argued only that his consent was involuntary due to the language barrier and the alleged misstatement of law. The State argues that as a result, this argument is not preserved for appeal.

Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Because the issue is not preserved, we decline to address it.

## IV.

## CONCLUSION

The district court did not err in denying Beyam's motion to suppress the results of the blood draw because the district court had sufficient and competent evidence to determine consent was knowingly and voluntarily given. Therefore, we affirm the district court's order denying the motion to suppress and Beyam's judgment of conviction.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

6