## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 51303

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 30, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| NOAH RILEY FUENTES HUGHES, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Judgment of conviction for possession of a controlled substance and possession of drug paraphernalia, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Noah Riley Fuentes Hughes appeals from his judgment of conviction for possession of a controlled substance and possession of drug paraphernalia. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

While on patrol in mid-January, Boise Police Officer Viens saw a parked vehicle with Hughes in the driver's seat, without a shirt, and slumped over the center console. Officer Viens attempted to get Hughes's attention by knocking on the passenger side window. When Hughes did not respond, Officer Viens opened the unlocked passenger door. Officer Viens noticed that Hughes was sweaty, with mucous on the side of his face, and his left hand was in an awkward position. When Officer Viens asked Hughes if he was okay, Hughes abruptly sat up. Officer Viens could not understand Hughes's responses to the officer's question. Hughes started nodding

1

back down and dropped a piece of straw from one hand. Officer Viens noticed Hughes held a plastic baggy in his other hand. Officer Viens also observed aluminum foil in the center console, which he later testified was a method for both storing and ingesting fentanyl. After observing Hughes's physical appearance and seeing items that could potentially be used as drug paraphernalia, Officer Viens contacted dispatch to send paramedics to the scene for a possible overdose.

While waiting for paramedics, Officer Viens ordered Hughes to exit his vehicle. Hughes was able to exit the vehicle without assistance, stand on his own, and communicate with Officer Viens. Paramedics evaluated Hughes and advised him to go to the hospital as a safety precaution. However, Hughes refused to go to the hospital, and he signed a refusal of treatment/transport form. Officer Viens searched Hughes's vehicle and located a fentanyl pill on the center console of the vehicle. Upon arrival of the paramedics, and during his interaction with the first responders and police, Hughes did not receive Narcan, CPR, or other life saving measures.

The State charged Hughes with possession of a controlled substance, Idaho Code § 37-2732(c)(1), and possession of drug paraphernalia, I.C. § 37-2734A. Hughes filed a motion to dismiss pursuant to Idaho's overdose immunity law, I.C. § 37-2739C. The district court held a hearing on the motion to dismiss and found that the requirements of I.C. § 37-2739C(2) were not met. Therefore, the district court denied the motion to dismiss.

Hughes entered a conditional guilty plea to both charges, reserving the right to appeal the district court's denial of his motion to dismiss. Hughes timely appeals.

## II.

## STANDARD OF REVIEW

This Court applies an abuse of discretion standard when it reviews a trial court's decision on a motion to dismiss. *State v. Eversole*, 160 Idaho 239, 244, 371 P.3d 293, 298 (2016). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

ANALYSIS

Mindful of the district court's contrary factual findings, Hughes argues that the district court erred by determining that he did not have immunity from prosecution under Idaho's overdose immunity law.

Idaho's overdose immunity law provides that a "person who experiences a drug-related medical emergency and is in need of medical assistance shall not be charged or prosecuted for possession of a controlled substance" if the evidence supporting the charge "was obtained as a result of the medical emergency and the need for medical assistance." I.C. § 37-2739C(2). The officer's subjective belief is not controlling in the analysis. *State v. Keyes*, ___ Idaho ___, ___, 563 P.3d 1243, 1245 (Ct. App. 2025). Instead, under the plain language of I.C. § 37-2739C(2), individuals are immune from prosecution of certain crimes provided that three things take place: (1) the person must be experiencing a drug-related medical emergency; (2) the person must need medical assistance; and (3) the evidence for the potential criminal charges must have been obtained because of the drug-related medical emergency and the need for medical assistance.

The district court found that Hughes was neither experiencing a drug-related medical emergency nor in need of medical assistance and, thus, he was not immune from prosecution under Idaho's overdose immunity law. Hughes contends that, based on the totality of the circumstances, Officer Viens reasonably believed that Hughes was having a drug-related medical emergency and needed medical assistance when Officer Viens opened the vehicle door and woke Hughes up. The district court found that, early in the encounter, the officer "believed that Mr. Hughes may have needed" medical assistance and that a drug-related medical emergency "might exist." Thus, Hughes's claim, that the officer reasonably believed Hughes "was having a drug-related medical emergency and in need of medical assistance" is contrary to the district court's findings.

The district court concluded that Hughes was neither experiencing a drug-related medical emergency nor in need of medical assistance as required by I.C. § 37-2739C(2). This finding was supported by substantial and competent evidence. Officer Viens opened the vehicle door to see if Hughes was "intoxicated, having a medical emergency or overdosing on drugs"; asked if Hughes was okay; and called for paramedics. Moreover, Hughes quickly revived, got out of the vehicle on his own, stood on his own, and answered questions. Finally, further observation of Hughes by

Officer Viens and an evaluation by the paramedics showed that Hughes was not having a drug-related medical emergency. Here, the district court did not abuse its discretion by finding that Hughes did not experience a drug-related medical emergency and was not in need of medical assistance. The district court's findings are supported by substantial and competent evidence in the record, and the district court correctly determined that I.C. § 37-2739C(2) did not apply.

## IV.

## CONCLUSION

Hughes did not meet his burden of showing that the district court erred in denying his motion to dismiss. Consequently, Hughes's judgment of conviction for possession of a controlled substance and possession of drug paraphernalia is affirmed.

Chief Judge GRATTON and Judge Pro Tem MELANSON, **CONCUR**.