# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 49848

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, June 2024 Term |
| | ) | |
| v. | ) | Opinion Filed: November 4, 2024 |
| | ) | |
| ADRIAN RENEE SOLIZ, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Darla S. Williamson, District Judge.

The judgment of the district court is <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant Adrian Renee Soliz. Jenny C. Swinford argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent State of Idaho. Kenneth K. Jorgensen argued.

_____

MEYER, Justice.

This case presents an issue of first impression regarding the meaning of the phrase "as a result of" in Idaho's overdose immunity statute. I.C. § 37-2739C(2). Adrian Renee Soliz appeals his conviction for possession of a controlled substance and possession of drug paraphernalia with intent to use. We affirm the trial court's decision denying Soliz's motion to dismiss because the phrase "as a result of" in the overdose immunity statute means sole cause.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2021, while driving southbound on Eagle Road in Meridian, Corine Duncan noticed a blue Chevrolet Trailblazer in front of her, traveling "very, very slow" and impeding traffic. The driver of the Trailblazer was "passed out" behind the wheel. His eyes were closed, his head slumped over, and his arms flopped by his side. Concerned, Duncan called 9-1-1. Without knowing the cause, she thought the driver needed medical assistance. The Trailblazer eventually traveled slowly off the road into a nearby parking lot where Duncan and a group of people intervened. They stopped the vehicle with their hands on the hood and blocked it from rolling into a nearby building. The unconscious driver remained unresponsive while individuals tried to open

1

the vehicle's locked doors and pounded on the vehicle's windows, to no avail. Unbeknownst to them, Soliz, the driver of the vehicle, was experiencing a drug overdose.

The Meridian Police Department, the Ada County Paramedics, and the Meridian Fire Department responded to the scene. The fire department forced entry into Soliz's vehicle to provide medical assistance. During this intervention, drug paraphernalia was observed and seized from Soliz's lap. The State subsequently charged Soliz with possession of a controlled substance, possession of drug paraphernalia, and driving under the influence, among other charges, along with a persistent violator enhancement.

Before trial, Soliz filed a motion to dismiss the possession of a controlled substance and possession of drug paraphernalia charges. Soliz argued that because he was unconscious when police encountered him, and he needed and received medical attention, the overdose immunity statute, Idaho Code section 37-2739C(2) (also referred to as a "Good Samaritan" or "medical amnesty" law), applied to him. The State objected to Soliz's motion to dismiss and argued that the evidence was not obtained "as a result of" the medical emergency and the need for assistance. Instead, the State contends that the evidence was seized while responding to the reported traffic incident.

An evidentiary hearing on Soliz's motion to dismiss was conducted before the case went to trial. The State called three witnesses to testify: Duncan and two Meridian police officers, Sergeant McGilvery and Officer Root. Duncan testified regarding her observations of the Trailblazer that led her to call 9-1-1, her actions following the call, and her concerns that the driver may need medical assistance. Next, Sergeant McGilvery testified that he responded to a dispatch call of a traffic accident that involved a driver who appeared unconscious in a vehicle that was still moving. He initially was not aware the incident was drug-related. Finally, Officer Root testified that he responded to a dispatch call of an injury collision. He did not have any other information until he approached the vehicle and discussed the potential of some medical issue with Sergeant McGilvery. He testified that he observed through the window aluminum foil, a rolled-up piece of paper, and a lighter on Soliz's lap.

Soliz and the State stipulated that Soliz was experiencing a drug overdose. After oral argument, the district court orally denied Soliz's motion to dismiss. The case proceeded to a jury trial. At the conclusion of the trial, Soliz was found guilty of possession of a controlled substance,

under Idaho Code section 37-2732(c)(1), and possession of drug paraphernalia, under Idaho Code section 37-2734A(1), and other charges not pertinent to this appeal. Soliz timely appealed.

## II.     STANDARD OF REVIEW

This Court exercises de novo review over statutory interpretation because it is a question of law. *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020).

## III.     ANALYSIS

This appeal presents an issue of first impression regarding the meaning of the phrase "as a result of" in Idaho Code section 37-2739C(2). The statute provides immunity to a person experiencing a drug-related medical emergency when medical assistance is requested "as a result of" the drug-related medical emergency. Soliz requests that this Court vacate the district court's judgment of conviction for the possession of a controlled substance and possession of drug paraphernalia charges, reverse the district court's order denying his motion to dismiss, and remand this case for a dismissal of those charges. Soliz argues that because the evidence of his possession charges (fentanyl and drug paraphernalia) was obtained as a result of his overdose medical emergency and need for medical assistance, the district court erred as a matter of law when it ruled that the "as a result of" causation element under Idaho Code section 37-2739C(2) was not met. The State counters that Idaho Code section 37-2739C(2) does not apply to this case because the statute calls for immunity from prosecution only when the discovery of evidence is a direct result of a drug-related medical emergency and the need for medical attention, not where the medical emergency and need for medical attention occurred at the same time as a traffic investigation.

The district court concluded that

the evidence was not obtained as a result of a medical-related emergency or drug-related medical emergency. And the need for medical assistance required by Idaho Code [section 37-2739C(2)], that it was -- obtained as a result [of] Mr. Soliz's driving pattern, the vehicle accident, which was independent of a drug-related emergency.

We affirm the trial court's decision because the phrase "as a result of" in the overdose immunity statute means sole cause connecting the discovery of evidence to the drug-related medical emergency.

## A.  The phrase "as a result of" in Idaho Code section 37-2739C means sole cause.

This Court begins statutory interpretation "with the literal language of the statute, giving words their plain, usual, and ordinary meanings." *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020). Statutory provisions are interpreted in the context of the whole statute, not in

isolation. *Id.* "This includes giving effect 'to all the words and provisions of the statute so that none will be void, superfluous, or redundant.'" *Id.* (quoting *State v. Schulz*, 151 Idaho 863, 866–87, 264 P.3d 970, 973–74 (2011)). Where a statute's language is unambiguous, the intent of the legislative body must be given effect, and we need not consider the rules of statutory construction. *Id.*; *Schulz*, 151 Idaho at 866–67, 264 P.3d at 973–74 (citation omitted). "Alternatively, a statute is ambiguous where the language is capable of more than one reasonable construction." *State v. Amstad*, 164 Idaho 403, 405, 431 P.3d 238, 240 (2018). "[I]f the statute is ambiguous, this Court must engage in statutory construction to ascertain legislative intent and give effect to that intent." *Nelson v. Evans*, 166 Idaho 815, 820, 464 P.3d 301, 306 (2020) (quoting *Saint Alphonsus Reg'l Med. Ctr. v. Gooding County*, 159 Idaho 84, 87, 356 P.3d 377, 380 (2015)).

Idaho's overdose immunity statute is set forth in full below with subsection (2) emphasized as it is applicable to this case. The statute provides immunity from prosecution for the possession of a controlled substance, possession of drug paraphernalia, or for using or being under the influence of a controlled substance. This immunity applies to both the person calling in a drug-related medical emergency experienced by another person as well as the person experiencing the drug-related medical emergency:

> (1) A person acting in good faith who seeks medical assistance for any person experiencing a drug-related medical emergency shall not be charged or prosecuted for possession of a controlled substance pursuant to section 37-2732(c) or (e), Idaho Code, for using or being under the influence of a controlled substance pursuant to section 37-2732C(a), Idaho Code, or for using or possessing with intent to use drug paraphernalia pursuant to section 37-2734A(1), Idaho Code, if the evidence for the charge of possession of or using or being under the influence of a controlled substance or using or possessing drug paraphernalia was obtained as a result of the person seeking medical assistance.
>
> (2) *A person who experiences a drug-related medical emergency and is in need of medical assistance shall not be charged or prosecuted for possession of a controlled substance pursuant to section 37-2732(c) or (e), Idaho Code, for using or being under the influence of a controlled substance pursuant to section 37-2732C(a), Idaho Code, or for using or possessing with intent to use drug paraphernalia pursuant to section 37-2734A(1), Idaho Code, if the evidence for the charge of possession of or using or being under the influence of a controlled substance or using or possessing drug paraphernalia was obtained as a result of the medical emergency and the need for medical assistance.*
>
> (3) The protections in this section from prosecution shall not be grounds for suppression of evidence in other criminal charges.

I.C. § 37-2739C (emphasis added).

4

While both parties assert that the statute is clear and unambiguous, they disagree on the meaning of the phrase "as a result of" as it is used in the statute. Soliz asserts that the phrase "as a result of" means "because of" or imposes a "traditional but-for causation." In response, the State counters that the plain language of the phrase read in context with the whole statute shows that the legislature intended both the medical emergency and the need for medical assistance to be the direct and proximate cause of the discovery of evidence forming the basis of the charge.

Our analysis to determine the meaning of the phrase "as a result of," as it is used in Idaho Code section 37-2739C(2), starts where all statutory interpretation questions begin: with the literal words of the statute. In an appeal concerning a civil statute, this Court recently explained that the meaning of the phrase "as a result of" is not always clear. *Waite v. Moto One KTM, L.L.C.*, 169 Idaho 49, 57, 491 P.3d 611, 619 (2021) (citing *Schoeffel v. Thorne Rsch., Inc.*, 167 Idaho 633, 637, 474 P.3d 705, 709 (2020)). In both criminal and civil law, there are several different ways that the phrase "as a result of" could be interpreted because the law recognizes several types of causation. *See id.* (citing *Husted v. A. Philip Randolph Inst.*, 584 U.S. 756, 769 (2018)). To list a few examples, "[a]ctual cause is the factual question of whether a particular event produced a particular consequence[,]" *Thompson v. State*, 164 Idaho 821, 826, 436 P.3d 642, 647 (2019) (citation omitted); but-for cause is used when "there is only one actual cause or where two or more possible causes are not acting concurrently[,]" *See State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011) (citation omitted); true proximate cause addresses whether it was reasonably foreseeable that a result would flow from the conduct, *see id.*; and sole cause is "[t]he only cause that, from a legal viewpoint, produces an event[.]" *Sole cause*, Black's Law Dictionary (12th ed. 2024).

Soliz's interpretation, using a but-for causation analysis, would grant immunity if the medical emergency is a necessary condition for the discovery of evidence. In other words, if the drug-related medical emergency had not occurred, he would not have been driving erratically, and the evidence would not have been found. On the other hand, the State's interpretation, using a proximate cause analysis, would grant immunity only if the medical emergency and need for assistance directly and proximately led to the discovery of evidence. The State argues here that the drug-related medical emergency and need for medical assistance were incidental to the traffic investigation.

"When a statutory provision includes an undefined causation requirement, [courts] look to context to decide whether the statute demands only but-for cause as opposed to proximate cause

5

or sole cause." *Husted*, 584 U.S. at 769. We can look at other parts of the same statute to understand how a specific word or phrase is used when interpreting a statute. *See St. Luke's Magic Valley Reg'l Med. Ctr., Ltd. v. Bd. of Cnty. Comm'rs of Gooding Cnty.*, 149 Idaho 584, 589, 237 P.3d 1210, 1215 (2010). If a word or phrase is used multiple times in a statute, it is assumed to have the same meaning throughout unless there is evidence to suggest otherwise, such as a difference in the subject matter. *Id.* (citation omitted).

Idaho Code section 37-2739C contains three subsections. Subsections (1) and (2) use the same phrase, "as a result of." Subsection (2) grants immunity to "[a] person who experiences a drug-related medical emergency and is in need of medical assistance" for certain drug-related charges "if the evidence for the charge . . . was obtained as a result of the medical emergency and the need for medical assistance." I.C. § 37-2739C(2). Under subsection (1), immunity applies to "[a] person acting in good faith who seeks medical assistance for any person experiencing a drug-related medical emergency . . . if the evidence for the charge . . . was obtained as a result of the person seeking medical assistance." I.C. § 37-2739C(1). Subsections (1) and (2) cover the same subject matter; that is, both subsections address immunity from prosecution for certain drug-related charges. We conclude that interpreting the phrase "as a result of" in the context of the whole statute does not provide clarity. And "reasonable minds might differ as to the meaning of 'as a result of.'" *Schoeffel*, 167 Idaho at 637, 474 P.3d at 709.

We conclude that both parties' interpretations of "as a result of" are reasonable. Because the meaning of the phrase "as a result of," as it is used in Idaho Code section 37-2739C(2), is capable of more than one reasonable interpretation, the statute is ambiguous. Because it is ambiguous, we next turn to statutory construction to ascertain legislative intent and give effect to that intent.

Idaho Code section 37-2739C was introduced in 2018 as House Bill 649. *See* H.B. 649, 64th Leg., 2d Reg. Sess. (Idaho 2018). The bill's statement of purpose reveals that the purpose of the legislation is to encourage people to seek medical help for drug-related medical emergencies by providing immunity to those who seek or need the medical assistance:

> This legislation intends to add a new Idaho Code [s]ection 37-2739c [sic] to provide that certain persons acting in good faith seeking or needing medical assistance for drug related overdose shall not be charged or prosecuted for possession of controlled substances or drug paraphernalia. This Good Samaritan legislation shall not be grounds for suppression of evidence in other criminal charges.

6

Statement of Purpose, H.B. 649, 64th Leg., 2d Reg. Sess. (Idaho 2018). The purpose of the bill was also discussed during a Senate committee hearing on the legislation:

> This bill proposes to offer immunity to an individual who seeks medical assistance for someone in a drug-related emergency. The immunity would apply to the individual who contacts authorities and the individual in need of medical assistance; in some cases, this may be the same individual. Evidence found as a result of the call to authorities could not be used to prosecute the individuals of crimes for which the bill provides immunity. However, evidence found could be used to prosecute the individuals for crimes not enumerated in this bill.

*Medical Help, Overdose, Charges: Hearing on H.B. 649 Before the* Senate Health & Welfare Comm. Leg., 2d Reg. Sess., at 1 (Idaho Mar. 12, 2018).

At a Senate Health and Welfare Committee meeting, the committee members contemplated circumstances where immunity under the statute would or would not apply. *See id.* at 1–3. Paul Panther, then-Chief of the Criminal Law Division of the Idaho Attorney General's Office, answered questions raised by different senators. *See id.* at 2–3. One senator asked, "what would prevent someone who is being arrested from claiming a medical emergency to avoid arrest." *See id.* at 2. Panther stated, "[I]f a medical emergency occurs after law enforcement has arrived, the evidence found [would be] admissible because it was not found as a result of a request for medical assistance." *Id.*

Another senator asked if the proposed bill grants immunity to individuals pulled over while driving and claiming to be seeking medical assistance for a passenger in the vehicle. *Id.* Panther repeated that the "bill only applies to individuals requesting or receiving medical assistance," though the courts ultimately decide whether a situation fits within the bill's parameters. *Id.* A third senator inquired as to the definition of "medical emergency." *Id.* Panther responded there may not be a statutory definition for "medical emergency" but explained "the term is intentionally broad and encompasses situations such as drug overdose." *Id.* In response, the third senator expressed concern that the lack of a definition for "medical emergency" "could lead individuals to take advantage of the immunity granted by the bill." *Id.* Panther stated the provision requiring a request for assistance to be made in good faith would help prevent misuse. *Id.* Finally, the senators were reassured that the bill would not provide immunity from prosecution for driving under the influence. *See id.*

The legislature's careful consideration of potential abuse scenarios indicates that the legislature was concerned that the bill would grant expansive immunity. The overall tenor of the

Senate committee minutes supports an interpretation of the statute that requires the drug-related medical emergency and the need for medical assistance to be the sole cause of the discovery of evidence to prevent misuse of the statute. This interpretation ensures that immunity is granted only when the drug-related medical emergency and the need for medical assistance produce the discovery of evidence. This interpretation aligns with the statute's protective purpose while also preventing potential abuse.

Based on our interpretation of "as a result of," we conclude Soliz is not immune from prosecution under Idaho Code section 37-2739C(2), as discussed next.

**B. The district court did not err when it concluded that the evidence was not obtained as a result of a drug-related medical emergency.**

Turning back to the facts of the case, because we conclude that sole cause is the appropriate interpretation of "as a result of" in Idaho Code section 37-2739C(2), we next apply that interpretation to the relevant facts. Duncan observed a vehicle traveling at about five miles an hour down Eagle Road between Fairview and Pine Street. The vehicle was impeding traffic. When Duncan pulled up next to the vehicle, she could see Soliz behind the wheel with his eyes closed, head slumped, and arms down by his side. Duncan immediately called 9-1-1 and informed them there was a driver in the car next to her who was "passed out." From her testimony, it appears Duncan was primarily reporting a traffic incident, but also a potential medical emergency of unknown cause:

> Q:      . . . when you called 9-1-1, were you trying to get medical assistance for this person?
>
> A:      At that point, I was trying to report what was going on mostly because of all the cars -- all the aftermath going on behind it.
>
> Q:      Okay. And were you concerned about him needing medical assistance?
>
> A:      Absolutely, yeah.

Soliz's vehicle eventually crossed Duncan's lane and slowly drifted off the road. All the while, Duncan described what was happening to the dispatcher. There is no evidence to suggest Duncan observed the drug paraphernalia on Soliz's lap.

The paramedics, police, and fire departments were responding to reports of a vehicle traveling down a busy road with an apparently unconscious driver behind the wheel. At the time, their primary focus was on the traffic investigation and the immediate safety concerns, considering that the car was still running and the driver could not be roused. Because there was a dual purpose

8

for emergency personnel's response to the scene, the fentanyl and drug paraphernalia were not obtained solely as a result of Soliz's drug overdose and need for medical assistance. The discovery of the fentanyl and drug paraphernalia were obtained both as a result of the traffic investigation and as a result of a medical emergency of an unknown origin, at the time it was reported.

Consequently, Idaho Code section 37-2739C(2) does not apply to Soliz under the facts of this case. Soliz's drug overdose and need for medical assistance were not the only cause that, from a legal viewpoint, produced the discovery of the controlled substance and drug paraphernalia; rather, the medical emergency and traffic investigation together produced the discovery of the contraband. We hold that the district court did not err in denying Soliz's motion to dismiss.

### IV.    CONCLUSION

For the forgoing reasons, we affirm the district court's decision denying Soliz's motion to dismiss.

Chief Justice BEVAN and Justices MOELLER and ZAHN CONCUR.


BRODY, Justice, dissenting.

I dissent from the Court's decision today because I agree with Soliz that the phrase "as a result of" as used in Idaho's overdose immunity statute should be interpreted in its plain, ordinary sense to mean "because of." In this case, the Meridian Police Department found the fentanyl and drug paraphernalia in Soliz's vehicle because of a medical emergency and the need for medical assistance—Soliz was unconscious behind the wheel of a moving vehicle, his lips were blue, and he was struggling to breathe. I would not rely on legislative minutes to narrow the scope of the plain language of the statute. If anything, the questions some committee members asked during a hearing on the overdose immunity statute demonstrate that at least some of them recognized the broad application of the plain language that is used in the statute.

Accordingly, I would reverse the district court's decision to deny the motion to dismiss and remand with instructions to vacate Soliz's convictions for possession of a controlled substance and possession of drug paraphernalia. Soliz's convictions for driving under the influence of drugs, resisting and/or obstructing an officer, and unlawful entry would remain in place.