**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50775**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: August 28, 2025** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **AMENDED OPINION** |
| JOSEPH ALAN CALDWELL, ) | **THE COURT'S PRIOR OPINION** |
| ) | **DATED AUGUST 26, 2025, IS HEREBY** |
| Defendant-Appellant. ) | **WITHDRAWN** |
| ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Judgment of conviction for felony possession of a controlled substance and driving under the influence, <u>affirmed</u>; order denying motion to dismiss, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Joseph Alan Caldwell appeals from his judgment of conviction, arguing that the district court erred when it denied his motion to dismiss his felony possession of a controlled substance and possession of drug paraphernalia charges because Idaho's overdose immunity law prohibited the prosecution of those offenses. The State argues the district court did not err because the sole reason for law enforcement's interaction was not Caldwell's overdose, but instead, at least in part, was due to a traffic violation. We hold the district court did not err in denying Caldwell's motion to dismiss. Caldwell's judgment of conviction is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Law enforcement responded to a call that a vehicle was stationary at an intersection and blocking traffic. The caller also informed dispatch that the driver was "smoking from foil" at the time of the call, was shaking, and then unconscious, with the vehicle in drive and the driver's foot on the brake. The driver was later identified as Caldwell.

When Officer Buffi arrived, he parked his patrol vehicle in front of Caldwell's vehicle and walked up to the driver's door as paramedics were opening the door. At that point, Caldwell's chin was on his chest, and he was not breathing. As Officer Buffi reached into the vehicle to put it in park, he saw a burned piece of tin foil and a lighter in Caldwell's hands. Officer Buffi removed the tin foil and placed it on the dashboard to allow the paramedics to treat Caldwell. After the paramedics tilted Caldwell's head back, he regained consciousness and declined any further treatment. Caldwell admitted to the paramedics he had smoked fentanyl. Officer Buffi then investigated whether Caldwell was driving under the influence (DUI) and, after a drug recognition expert evaluated Caldwell, Caldwell was cited for DUI and was arrested for possession of drug paraphernalia. As Officer Buffi was entering the tin foil into evidence, he found a partially melted blue pill adhered to the tin foil, which was later confirmed as fentanyl.

Caldwell was charged with felony possession of a controlled substance, Idaho Code § 37-2732(c), possession of drug paraphernalia, I.C. § 37-2734A, and DUI, I.C. § 18-8004. Caldwell filed a motion to dismiss, arguing the possession of a controlled substance and possession of drug paraphernalia charges were subject to dismissal under Idaho's overdose immunity law, I.C. § 37-2739C(2). Caldwell argued he was experiencing a drug-related emergency and needed medical assistance when Officer Buffi saw the tin foil containing the controlled substance. The State objected to the motion. Following a hearing, the district court denied the motion. Caldwell appeals.

# II.

## STANDARD OF REVIEW

Questions of statutory interpretation are freely reviewed because it is a question of law. *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020).

This Court applies an abuse of discretion standard when it reviews a trial court's decision on a motion to dismiss. *State v. Eversole*, 160 Idaho 239, 244, 371 P.3d 293, 298 (2016). When

a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multitiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Caldwell argues that mindful of *State v. Soliz*, 174 Idaho 571, 558 P.3d 716 (2024), his possession charges should be dismissed. The State argues that because Officer Buffi was responding to the traffic violation in addition to the alleged drug-related emergency, I.C. § 37-2739C(2) does not apply.

As relevant here, I.C. § 37-2739C(2) states:

> A person who experiences a drug-related medical emergency and is in need of medical assistance shall not be charged or prosecuted for possession of a controlled substance pursuant to section 37-2732(c) or (e), Idaho Code, for using or being under the influence of a controlled substance pursuant to section 37-2732C(a), Idaho Code, or for using or possessing with intent to use drug paraphernalia pursuant to section 37-2734A(1), Idaho Code, if the evidence for the charge of possession of or using or being under the influence of a controlled substance or using or possessing drug paraphernalia was obtained as a result of the medical emergency and the need for medical assistance.

The issue is whether the evidence was obtained "as a result of the medical emergency and the need for medical assistance."

In *Soliz*, the Idaho Supreme Court held that the phrase "as a result of" in I.C. § 37-2739C(2) means "sole cause connecting the discovery of evidence to the drug-related medical emergency." *Soliz*, 174 Idaho at 574, 558 P.3d at 719. The facts of *Soliz* are remarkably similar to this case. In *Soliz*, someone called 911 and informed dispatch that the caller watched a vehicle proceed very slowly on a public roadway and the vehicle was impeding traffic. *Id.* at 577, 558 P.3d at 722. When the caller pulled up next to the vehicle, she could see someone behind the wheel, with his eyes closed, head slumped, and arms down by his side. *Id.* The caller informed dispatch that the person was unconscious. *Id.* Ultimately, the vehicle drifted off the roadway. *Id.* The Supreme Court concluded that when law enforcement and paramedics responded, "their primary focus was on the traffic investigation and the immediate safety concerns, considering that the car was still running and the driver could not be roused." *Id.* at 578, 558 P.3d at 723. The Court held that

3

because there was "a dual purpose for emergency personnel's response to the scene, the fentanyl and drug paraphernalia were not obtained solely as a result of Soliz's drug overdose and need for medical assistance." *Id*. Because the discovery of the fentanyl and drug paraphernalia were obtained both as a result of the traffic investigation and as a result of a medical emergency of an unknown origin, at the time it was reported, I.C. § 37-2739C(2) did not apply. *Soliz*, 174 Idaho at 578, 558 P.3d at 723.

In this case, the district court found that Officer Buffi was responding to a report that a driver was unconscious while sitting in the driver's seat of a vehicle at an intersection. According to the district court, there was nothing to suggest to Officer Buffi he was responding to either a medical emergency or a drug-related emergency. The district court held that the paramedic's act of tilting Caldwell's head back was not medical assistance within the meaning of the statute where there was no other medical treatment provided or other outward signs of distress that did not resolve on their own. Finally, the district court found that Caldwell was experiencing drug intoxication but not a drug-induced emergency. Caldwell does not challenge any of the factual findings.

Just as in *Soliz*, there was a dual purpose for Officer Buffi's actions at the scene. Caldwell was in the vehicle, unconscious, with the vehicle running and his foot on the brake. Officer Buffi's actions related to the traffic situation and safety concerns. Therefore, it was both the medical emergency and the traffic investigation together that resulted in the discovery of the controlled substance and drug paraphernalia on Caldwell and thus, I.C. § 37-2739C(2) does not apply. Because the overdose immunity statute does not apply, and that was the sole basis for Caldwell's motion to dismiss, the district court did not err in denying the motion.

## IV.

## CONCLUSION

Because Caldwell's medical emergency was not the sole reason the controlled substance and drug paraphernalia were discovered, the overdose immunity statute, I.C. § 37-2739C(2), does not apply. As a result, the district court did not abuse its discretion in denying Caldwell's motion to dismiss. Caldwell's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

4