**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50539**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed:  December 4, 2025** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| JOSHUA ABEL STANTON, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Patrick J. Miller, District Judge.

Judgment of conviction for felony possession of a controlled substance, affirmed; order denying motion to dismiss, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Joshua Abel Stanton appeals from his judgment of conviction, arguing the district court erred when it denied his motion to dismiss his felony possession of a controlled substance and related possession of drug paraphernalia charges because Idaho's overdose immunity law prohibited the prosecution of those offenses.  The State argues the district court did not err because the medical emergency was not the sole cause leading to the discovery of the controlled substance and drug paraphernalia evidence.  We hold the district court did not err in denying Stanton's motion to dismiss.  Stanton's judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In July 2022, an individual observed a vehicle drive through a fence, collide with a parked vehicle,  reverse, and then collide with another vehicle.  Although the vehicle had come to a stop,

1

the engine continued to accelerate, indicating the driver's foot was still on the accelerator. Another individual identified the driver as Stanton and then called 911 and informed dispatch of the events that transpired. Officer Coleman was the first responder to arrive on the scene.

Upon arrival, Officer Coleman saw one of Stanton's coworkers holding him upright as Stanton was unconscious. Officer Coleman, with the help of some of the bystanders, got Stanton out of the vehicle and laid him on his back. Officer Coleman then considered what type of resuscitation may be needed and whether there were any medical devices or other causes for Stanton's medical condition. The fire department and paramedics arrived shortly thereafter and began rendering aid to Stanton. While Stanton was being attended to, additional officers arrived and observed in plain view from outside Stanton's vehicle a rolled-up dollar bill on the driver's side floorboard and a piece of tin foil with burnt marks and a "bluish-greenish glob" near the driver's seat suggestive of fentanyl. Paramedics administered Narcan and transported Stanton to the hospital for a drug overdose. Stanton's vehicle was searched, and officers seized the piece of tin foil with the "bluish-greenish" substance, later confirmed to be fentanyl, and the rolled-up dollar bill.

Stanton was charged with felony possession of a controlled substance, fentanyl, Idaho Code § 37-2732(c), and possession of drug paraphernalia, I.C. § 37-2734A. Stanton moved the district court to dismiss the case, arguing Stanton is immune from prosecution pursuant to Idaho's overdose immunity law, I.C. § 37-2739C(2). Stanton argued he was experiencing a drug-related medical emergency and needed medical attention when law enforcement discovered the controlled substance and drug paraphernalia. The State objected to the motion. Following a hearing, the district court denied the motion. Stanton appeals.

## II.

## STANDARD OF REVIEW

Questions of statutory interpretation are freely reviewed because it is a question of law. *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020).

This Court applies an abuse of discretion standard when it reviews a trial court's decision on a motion to dismiss. *State v. Eversole*, 160 Idaho 239, 244, 371 P.3d 293, 298 (2016). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multitiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal

2

standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

**III.**

**ANALYSIS**

Stanton argues, mindful of *State v. Soliz*, 174 Idaho 571, 558 P.3d 716 (2024), "the district court erred by denying his motion to dismiss his possession of a controlled substance and possession of paraphernalia charges because Idaho's overdose immunity law prohibited their prosecution," pursuant to I.C. § 37-2739C(2). The State argues "the district court properly denied Stanton's motion because the evidence against him was not discovered 'as a result of' the medical emergency and Stanton's need for medical assistance." The issue is whether the evidence was obtained "as a result of the medical emergency and the need for medical assistance." I.C. § 37-2739C(2).

As relevant here, I.C. § 37-2739C(2) states:

> A person who experiences a drug-related medical emergency and is in need of medical assistance shall not be charged or prosecuted for possession of a controlled substance pursuant to section 37-2732(c) or (e), Idaho Code, for using or being under the influence of a controlled substance pursuant to section 37-2732C(a), Idaho Code, or for using or possessing with intent to use drug paraphernalia pursuant to section 37-2734A(1), Idaho Code, if the evidence for the charge of possession of or using or being under the influence of a controlled substance or using or possessing drug paraphernalia was obtained as a result of the medical emergency and the need for medical assistance.

In *Soliz*, the Idaho Supreme Court held that the phrase "as a result of" in I.C. § 37-2739C(2) means "sole cause connecting the discovery of evidence to the drug-related medical emergency." *Soliz*, 174 Idaho at 574, 558 P.3d at 719. In *Soliz*, someone called 911 and informed dispatch that the caller watched a vehicle proceed very slowly on a public roadway and the vehicle was impeding traffic. *Id*. at 577, 558 P.3d at 722. When the caller pulled up next to the vehicle, she could see someone behind the wheel, with his eyes closed, head slumped, and arms down by his side. *Id*. The caller informed dispatch that the person was unconscious. *Id*. Ultimately, the vehicle drifted off the roadway. *Id*. The Supreme Court concluded that when law enforcement and paramedics responded, "their primary focus was on the traffic investigation and the immediate safety concerns, considering that the car was still running and the driver could not be roused." *Id.* at 578, 558 P.3d at 723. The Court held that because there was "a dual purpose for emergency personnel's response to the scene, the fentanyl and drug paraphernalia were not obtained solely as a result of Soliz's

3

drug overdose and need for medical assistance." *Id*. Because the discovery of the fentanyl and drug paraphernalia were obtained both as a result of the traffic investigation and as a result of a medical emergency of an unknown origin, at the time it was reported, I.C. § 37-2739C(2) did not apply. *Soliz*, 174 Idaho at 578, 558 P.3d at 723.

In this case, the district court found Stanton was experiencing a drug-related medical emergency and was in need of medical assistance at the time of the crash. However, the district court found the fentanyl and paraphernalia were not obtained because of the medical emergency but as a result of the vehicle crash. The district court reasoned "as a result" meant "the primary cause" and because the primary cause for the discovery of the fentanyl and paraphernalia was the crash, the overdose immunity statute did not apply to Stanton.

Just as in *Soliz*, there was a dual purpose for law enforcement's actions at the scene. After colliding with two vehicles, Stanton was unconscious with the engine of his vehicle still accelerating. When law enforcement arrived, Stanton was unconscious and being held upright by a coworker. Law enforcement's actions related both to the vehicle crash and the medical emergency. Thus, it was both the vehicle crash and the medical emergency that resulted in the discovery of the fentanyl and drug paraphernalia in plain view inside Stanton's vehicle. Therefore, I.C. § 37-2739C(2) does not apply. Because the overdose immunity statute does not apply, the district court did not err in denying Stanton's motion to dismiss.

## IV.

## CONCLUSION

Because Stanton's drug-related medical emergency was not the sole reason the controlled substance and paraphernalia were discovered, Idaho's overdose immunity statute, I.C. § 37-2739C(2), does not apply. As a result, the district court did not abuse its discretion when it denied Stanton's motion to dismiss. Stanton's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

4