## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 51595

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Boise, January 2026 Term |
| | ) | |
| v. | ) | Opinion Filed: May 7, 2026 |
| | ) | |
| GANNON MANUELITO, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Respondent. | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Derrick J. O'Neill, District Judge. Michael McLennan, Magistrate Judge.

The order of the district court is reversed, and the case is remanded.

Raúl R. Labrador, Idaho Attorney General, Boise, for Appellant State of Idaho. Allison C. Jaros argued.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Respondent Gannon Manuelito. Jacob L. Westerfield argued.

_____

MEYER, Justice.

The State appeals the district court's order dismissing criminal charges against Gannon Manuelito. Manuelito was initially charged with possession of a controlled substance, possession of marijuana in excess of three ounces, possession of drug paraphernalia, and driving under the influence. Following Manuelito's motion to dismiss, the district court determined that Idaho's overdose immunity statute, Idaho Code section 37-2739C, applied to Manuelito, thereby granting him immunity from prosecution for the possession offenses. We reverse the district court's order because the record contains no showing that Manuelito either experienced a drug-related medical emergency or was in need of medical assistance.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2023, a Flying-J truck stop manager was informed by a customer that a person, later identified as Manuelito, "may be . . . in distress in [the] parking lot." The manager observed Manuelito apparently "unconscious" in the driver's seat of a running vehicle. The manager attempted to rouse Manuelito by "shout[ing] into the vehicle more than once" through the open rear window. He eventually opened the driver's side door and turned off the car. The manager

heard Manuelito make "gurgling" sounds and likened it to "drooling," which "seemed like the byproduct of a short cough." Manuelito's breathing was "shallow at best." Believing Manuelito was suffering from an "overdose or pass[ed] out from alcohol consumption or other drug use[,]" the manager called 911.

Ada County Dispatch considered the call a "medical emergency" and dispatched Emergency Medical Services (EMS) paramedics before sending law enforcement. Shortly after, Officer Jaramillo of the Boise Police Department responded to "an EMS assist call." Emergency dispatch logged the call as a "Priority 2," which means that law enforcement responds "quicker . . . while keeping the laws of the streets."

Once on the scene, a paramedic informed Officer Jaramillo that "they had located a bong in the back seat." Officer Jaramillo testified that the bong "was in plain view . . . . It was sitting in the back seat behind the driver's seat on the floorboard." Before contacting Manuelito, the officer "allow[ed] EMS to consult and triage [Manuelito] for [his] well-being . . . ." Upon contact, Officer Jaramillo "could smell a strong odor of alcohol coming from inside the vehicle." When the officer spoke with Manuelito, "[h]e had slow slurred speech, and . . . [h]e had trouble answering a simple line of questions."

Officer Jaramillo conducted a DUI investigation. Manuelito provided two breath samples, which showed that his blood alcohol content (BAC) was nearly twice the legal limit. Officer Jaramillo also searched Manuelito's vehicle and discovered drug paraphernalia, including a grinder with marijuana residue, a smoking bowl with burnt marijuana residue, and an empty THC cartridge. In the back seat, the officer found a cooler containing a bag of marijuana weighing approximately 12.29 ounces. Inside the cooler was a backpack with more marijuana and a bag that contained the hallucinogen dimethyltryptamine (DMT). The officer also discovered a THC vape pen in Manuelito's pocket.

The State charged Manuelito with possession of marijuana in excess of three ounces, possession of a controlled substance (DMT), and possession of drug paraphernalia, in violation of Idaho Code sections 37-2732(e), 37-2732(c)(3), and 37-2734A, respectively, as well as operating a vehicle while under the influence, under Idaho Code section 18-8004.

At the preliminary hearing, the State called Officer Jaramillo to testify. Manuelito called two witnesses: the Flying J manager and an Ada County Sheriff's Office dispatch supervisor. Manuelito raised an oral motion to dismiss the drug-related charges alleged against him, based on

a lack of jurisdiction. The magistrate court denied the motion and bound the case over to the district court after determining that the State "met its burden by a probable cause standard establishing that a crime did occur, and they did establish all of the elements." The magistrate court did not "find that there's any significant evidence that it was a drug-related medical emergency."

Manuelito pleaded not guilty at his arraignment in the district court. He then filed a motion to dismiss under Idaho Code section 19-815A, which provides that a criminal defendant may file a motion to dismiss to challenge the sufficiency of evidence adduced at a preliminary hearing. I.C. § 19-815A. Manuelito argued that "there was no probable cause to bring forward the current charge" because prosecution is barred under Idaho's overdose immunity statute, Idaho Code section 37-2739C. He contended that immunity under section 37-2739C(2) applies when a third party (the manager) calls 911 to request medical assistance for a stranger (Manuelito) who was experiencing a medical emergency. Manuelito concurrently filed a motion to take judicial notice of the audio recording of the preliminary hearing and the dispatch audio admitted as evidence at the preliminary hearing. The district court denied both motions because the court needed "a record to render an appealable decision."

After Manuelito obtained an expedited preliminary hearing transcript, he renewed his motion to dismiss under Idaho Code section 19-815A, which incorporated his previous arguments. The district court denied the motion, explaining that it was "unable to conclude" that the magistrate court held Manuelito "to answer without reasonable or probable cause." The court declined Manuelito's request for the district court to "substitute its judgment for that of the magistrate [court] as to the weight of the evidence."

Manuelito subsequently filed a motion to dismiss under Idaho Code section 37-2739C(2), asking the district court to dismiss counts one through three (the possession of controlled substances and paraphernalia charges). Manuelito contended that prosecution of the possession charges was barred because people experiencing a drug-related medical emergency cannot be prosecuted for drug or paraphernalia possession or use if evidence is obtained as a result of seeking medical assistance. Manuelito asserted that the statute was unambiguous and that its purpose was to encourage emergency calls without fear of prosecution. Manuelito claimed that the facts of his case are "the exact scenario the legislature intended to cover."

Opposing the motion, the State argued that for the protections of Idaho Code section 37-2739C(2) to apply, a defendant must actually experience a drug-related medical emergency and

require medical assistance. The State contended that the statute offers immunity only to those in genuine emergencies, not to those acting solely on another person's good-faith belief. The State argued that the statute was unambiguous, and it relied on principles of statutory interpretation and public policy to support its position that cases in which the defendant was simply intoxicated and did not receive medical aid are not immune from prosecution. In the State's view, Manuelito was intoxicated with alcohol, not experiencing an overdose, and did not need or receive medical assistance.

The parties stipulated to the admission of two exhibits filed by the State. The district court admitted an affidavit from an Ada County Paramedics EMS billing manager, which attached the EMS patient care report from the incident. The court also admitted the March 12, 2018, meeting minutes of the Senate Health and Welfare Committee, where the committee debated the passage of section 37-2739C. After hearing arguments from Manuelito and the State, the district court relied on the preliminary hearing transcript. The court determined that the manager acted in good faith when calling 911 based on his belief that Manuelito was suffering from a drug- or alcohol-related medical emergency. Engaging in statutory interpretation, the court determined that the undefined term "drug-related medical emergency" in Idaho Code section 37-2739C was ambiguous. Based on legislative intent and policy considerations, the court adopted a broad interpretation of the statute, concluding that a "drug-related medical emergency" encompasses situations where a person in good faith believes another is experiencing a drug- or alcohol-related medical issue requiring assistance. The court reasoned that this interpretation aligns with the legislature's intent to encourage a request for emergency assistance without fear of prosecution. For those reasons, the court granted Manuelito's motion to dismiss the three possession charges relating to controlled substances (marijuana and DMT) and paraphernalia.

With only one charge remaining against Manuelito, driving under the influence, the district court ordered that the case be remanded to the magistrate court. Manuelito entered a guilty plea and was sentenced for that charge. The State timely appealed from the judgment of conviction.

## II.  ISSUES ON APPEAL

1. Did Manuelito preserve his "right result, wrong theory" argument for appeal?
2. Did the district court err in dismissing the charges of possession of controlled substances and paraphernalia after determining that Idaho Code section 37-2739C(2) provided immunity to Manuelito?

4

### III.   STANDARDS OF REVIEW

We generally review a trial court's decision on a motion to dismiss for abuse of discretion. *See State v. Akins*, 164 Idaho 74, 76, 423 P.3d 1026, 1028 (2018). However, where the decision turns on the interpretation of a statute, this Court exercises de novo review because statutory interpretation is a question of law. *State v. Soliz*, 174 Idaho 571, 574, 558 P.3d 716, 719 (2024).

### IV.   ANALYSIS

The State asks this Court to reverse the district court's order granting Manuelito's motion to dismiss and to remand the case for further proceedings, arguing that the district court misinterpreted Idaho Code section 37-2739C. On appeal, both the State and Manuelito agree that the district court's interpretation is inconsistent with the statute's plain language. The State argues that the district court incorrectly determined that the statute was ambiguous to adopt a broad definition of "drug-related medical emergency."

Manuelito responds that the district court reached the correct result but on the wrong theory. He argues that, regardless of the district court's misinterpretation, this Court should affirm its decision because immunity applies to him under Idaho Code section 37-2739C. He maintains that paramedics arrived and assessed him, showing that he was in fact suffering a drug-related medical emergency and was in need of medical assistance. In addition, the evidence resulting in the three possession charges was discovered as a result of his drug-related medical emergency and need for medical assistance because the paramedics notified Officer Jaramillo that a bong was visible through Manuelito's window before the officer began his criminal investigation.

### A.  Manuelito's immunity argument was preserved for appeal.

As a preliminary issue, the State contends that this Court should disregard Manuelito's "right result, wrong theory" argument because he did not raise the argument before the district court. The State characterizes Manuelito's argument before the district court as resting on the manager's good-faith belief that Manuelito was experiencing "an overdose" when he called 911 rather than on Manuelito's actual condition. A party may preserve an issue for appeal by either "properly presenting the issue with argument and authority" and noticing it for a hearing to the trial court below, or by obtaining an adverse ruling from the trial court. *State v. Miramontes*, 170 Idaho 920, 924–25, 517 P.3d 849, 853–54 (2022). "Both are not required." *Id.*

We disagree with the State's assertion that Manuelito failed to raise his argument before the district court. Although Manuelito filed both an initial and a renewed motion to dismiss under

Idaho Code section 19-815A, arguing that "there was no probable cause" to bring the charges against him because prosecution of those charges is prohibited under Idaho's overdose immunity statute, he also asserted that he is entitled to immunity from prosecution based on the statutory elements of section 37-2739C. Specifically, he claimed that he was experiencing a drug-related medical emergency, required medical assistance, and that the evidence was obtained as a result of that emergency and need. These assertions were sufficient to notify the State that Manuelito claimed entitlement to immunity, prompting the State to respond that the facts did not support the application of the statute because Manuelito was neither experiencing a medical emergency nor in need of medical assistance.

The central issue in dispute, both in the district court and on appeal, is whether Manuelito is entitled to immunity under Idaho Code section 37-2739C. Manuelito presented the issue of immunity from prosecution to the district court and noticed it for hearing, arguing that he "was nonresponsive, not conscious, had shallow breaths, and was gurgling on spittle," and citing authority under Idaho Code section 37-2739C. Thus, we conclude that Manuelito preserved this issue for appeal.

## B. The district court misinterpreted Idaho Code section 37-2739C.

This appeal requires the interpretation of Idaho's overdose immunity statute, Idaho Code section 37-2739C, which grants limited immunity from prosecution for certain controlled substance offenses when the evidence is obtained because a drug-related medical emergency prompted the need for medical assistance. The statute provides:

> (1)  A person acting in good faith who seeks medical assistance for any person experiencing a drug-related medical emergency shall not be charged or prosecuted for possession of a controlled substance pursuant to section 37-2732(c) or (e), Idaho Code, for using or being under the influence of a controlled substance pursuant to section 37-2732C(a), Idaho Code, or for using or possessing with intent to use drug paraphernalia pursuant to section 37-2734A(1), Idaho Code, if the evidence for the charge of possession of or using or being under the influence of a controlled substance or using or possessing drug paraphernalia was obtained as a result of the person seeking medical assistance.

> (2)  A person who experiences a drug-related medical emergency and is in need of medical assistance shall not be charged or prosecuted for possession of a controlled substance pursuant to section 37-2732(c) or (e), Idaho Code, for using or being under the influence of a controlled substance pursuant to section 37-2732C(a), Idaho Code, or for using or possessing with intent to use drug paraphernalia pursuant to section 37-2734A(1), Idaho Code, if the evidence for the charge of possession of or using or being under the influence of a controlled

substance or using or possessing drug paraphernalia was obtained as a result of the medical emergency and the need for medical assistance.

(3) The protections in this section from prosecution shall not be grounds for suppression of evidence in other criminal charges.

I.C. § 37-2739C.

In granting Manuelito's motion to dismiss, the district court determined that the term "drug-related medical emergency" in Idaho Code section 37-2739C was ambiguous because it is undefined. The court examined legislative intent and policy objectives and ultimately adopted a broad interpretation of the statute. Although alcohol is not expressly included within the statutory definition of "drug" in Idaho Code section 37-2701(n), the district court reasoned that alcohol qualifies as a "substance[ ] . . . intended to affect the structure or any function of the body of man[.]" The court extended the statute's immunity to include alcohol-related emergencies but acknowledged that this interpretation does not prevent prosecution for separate alcohol-related offenses. The court further concluded that a "drug-related medical emergency" encompasses situations in which an individual, acting in good faith, believes another person is experiencing a drug- or alcohol-related medical emergency requiring assistance.

Based on this interpretation, the district court determined that the manager acted in good faith when contacting emergency services due to his belief that Manuelito was experiencing a drug- or alcohol-related medical emergency. The court emphasized that a narrow reading of the statute would discourage individuals from seeking lifesaving assistance due to potential legal consequences, thereby undermining the legislative intent. Therefore, the district court determined that Manuelito was entitled to immunity.

"The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act." *State v. Dunlap*, 155 Idaho 345, 361–62, 313 P.3d 1, 17–18 (2013) (quoting *State v. Schulz*, 151 Idaho 863, 866–67, 264 P.3d 970, 973–74 (2011)). "We begin . . . with the literal language of the statute, giving words their plain, usual, and ordinary meanings." *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020). We interpret provisions in the context of the whole statute, not in isolation. *Id.* This method "includes giving effect 'to all the words and provisions of the statute so that none will be void, superfluous, or redundant.'" *Id.* (quoting *Schulz*, 151 Idaho at 866–67, 264 P.3d at 973–74). Where the text is unambiguous, we do not consult legislative history or other extrinsic evidence to alter the clearly expressed intent of the legislature. *See Melton v. Alt*, 163 Idaho 158, 163, 408 P.3d 913, 918 (2018). "[I]f statutory language is clear and unambiguous,

7

the Court need merely apply the statute without engaging in any statutory construction." *Id.* (quoting *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999)).

Idaho Code section 37-2739C uses mandatory language ("shall not") to prohibit charging or prosecuting certain offenses under specific conditions. Because Manuelito is the person alleged to have experienced the emergency, subsection (2) controls. It provides immunity to "[a] person who experiences a drug-related medical emergency and is in need of medical assistance" for specific offenses "if the evidence for the charge . . . was obtained as a result of the medical emergency and the need for medical assistance." I.C. § 37-2739C(2). That language is not ambiguous.

Section 37-2739(C) grants immunity to a person experiencing a drug-related medical emergency as well as to a person who seeks medical assistance for that person. Subsection (1) governs immunity for the caller. Subsection (2) governs immunity for the person experiencing the drug-related emergency and omits the "acting in good faith" qualifier. Only subsection (1) has a "good faith" requirement. In other words, both the caller who seeks medical assistance for someone else, and a person experiencing a drug-related medical emergency, are provided immunity from prosecution for possession of controlled substances or drug paraphernalia and being under the influence of a controlled substance under specified circumstances. The district court, nevertheless, imported "good faith" into subsection (2) by focusing on the reporting party's "good-faith belief" and the manager's conduct. But the legislature placed the good-faith condition in subsection (1) only. We must give effect to the distinction the statute draws between the two subsections. *See Burke*, 166 Idaho at 623, 462 P.3d at 601.

In addition, subsection (2) requires a causal connection between the emergency and the discovery of evidence. In *State v. Soliz*, the Court held that the phrase "as a result of" in Idaho Code section 37-2739C(2) means that the drug-related medical emergency must be the "sole cause connecting the discovery of evidence." 174 Idaho 571, 574, 558 P.3d 716, 719 (2024). The Court recognized that the purpose of the law is to encourage individuals to seek medical help for drug-related emergencies by providing immunity to those who seek or need assistance. *Id.* at 576, 558 P.3d at 721. We explained:

> The legislature's careful consideration of potential abuse scenarios indicates that the legislature was concerned that the bill would grant expansive immunity. The overall tenor of the Senate committee minutes supports an interpretation of the statute that requires the drug-related medical emergency and the need for medical

assistance to be the sole cause of the discovery of evidence to prevent misuse of the statute. This interpretation ensures that immunity is granted only when the drug-related medical emergency and the need for medical assistance produce the discovery of evidence. This interpretation aligns with the statute's protective purpose while also preventing potential abuse.

*Id.* at 577, 558 P.3d at 722.

Accordingly, Idaho Code section 37-2739C(2) unambiguously provides immunity from the specified controlled substance and paraphernalia offenses only when the person shows (1) he experienced a drug-related medical emergency, (2) he was in need of medical assistance, and (3) the evidence supporting the specified charge was obtained "as a result" of both the emergency and the need for assistance. I.C. § 37-2739C(2). That is, those conditions were the "sole cause" of the discovery of the evidence. *Soliz*, 174 Idaho at 574, 558 P.3d at 719.

After determining that Idaho Code section 37-2739C was ambiguous, the district court concluded that immunity applied to Manuelito based on the manager acting in good faith when contacting emergency services due to the belief that Manuelito was experiencing a drug- or alcohol-related medical emergency. The court erred in determining that the manager's good faith in calling emergency services qualified Manuelito for immunity under Idaho Code section 37-2739C. We now turn to whether subsection (2) provides immunity to Manuelito.

**C. Idaho Code section 37-2739C(2) does not provide immunity to Manuelito.**

Based on the district court's misinterpretation of Idaho Code section 37-2739C, the State suggests that the appeal should be remanded to the district court for redetermination of Manuelito's motion using the correct interpretation. Manuelito concedes that remand is appropriate, but not required. However, "this Court has exactly the same evidence before it as was considered by the district court . . . . In such instance[s], we do not extend the usual deference to the district court's evaluation of the evidence." *State v. Andersen*, 164 Idaho 309, 312, 429 P.3d 850, 853 (2018). "Under these limited circumstances, this Court has determined that its role on appeal is to freely review the evidence and weigh the evidence in the same manner as the trial court would do . . . ." *State v. Lankford*, 162 Idaho 477, 492, 399 P.3d 804, 819 (2017) (quoting *Shabinaw v. Brown*, 131 Idaho 747, 751, 963 P.2d 1184, 1188 (1998)) (evaluating the district court's ruling on motion for new trial). The evidence before the district court consisted of Manuelito's EMS patient care report and the preliminary hearing transcript. Because we have "exactly the same evidence," we will review the record and weigh the evidence to determine whether Manuelito is entitled to immunity under Idaho Code section 37-2739C(2).

We hold that Idaho Code section 37-2739C(2) does not provide Manuelito with immunity. The statute provides immunity only if Manuelito establishes three elements: (1) he "experience[d] a drug-related medical emergency," (2) he was "in need of medical assistance," and (3) the evidence supporting his charges for possession of drug paraphernalia and controlled substances "was obtained as a result of the medical emergency and the need for medical assistance." *See* I.C. § 37-2739C(2).

Manuelito did not establish that he experienced a "drug-related medical emergency." Subsection (2) is not triggered by uncertainty or by a bystander's apprehension that a person "may be" in distress. I.C. § 37-2739C(2) ("A person who experiences a drug-related medical emergency and is in need of medical assistance shall not be charged or prosecuted . . . if the evidence for the charge . . . was obtained as a result of the medical emergency and the need for medical assistance."). At the preliminary hearing, the manager testified that in his work, he often encounters people experiencing "drug-induced medical emergencies." He believed Manuelito was suffering from an "overdose or pass[ed] out from alcohol consumption or other drug use." The manager observed Manuelito slumped in the driver's seat, heard gurgling sounds, detected only shallow breathing, and was unable to rouse Manuelito. Although the manager's concern and response are commendable, the record does not contain evidence that Manuelito suffered a drug-related medical emergency. The only evidence offered to support that characterization is the manager's observation that Manuelito might be overdosing or might have passed out from alcohol consumption or other drugs. Subsection (2) does not turn on a third party's subjective belief—it turns on the defendant's actual condition.

In that regard, Manuelito did not establish that he was suffering a medical emergency. Officer Jaramillo immediately detected "a strong odor of alcohol" from inside the vehicle. Manuelito exhibited slow, slurred speech and had difficulty answering questions. Most notably, breath testing produced BACs of .169 and .158, nearly twice the legal limit. Those facts support impairment from alcohol. They do not establish a drug-related medical emergency within the meaning of subsection (2). Likewise, the later discovery of DMT and marijuana, both Schedule I controlled substances under Idaho Code sections 37-2705(d)(16) and (19), does not convert a presentation of alcohol impairment into proof that Manuelito was experiencing a drug-related medical emergency. Presence of DMT and marijuana is evidence of possession; it is not, without more, proof of a medical crisis caused by controlled substances.

Further, no evidence in the record indicates that Manuelito required or even received medical intervention for a drug-related emergency. Officer Jaramillo testified that Manuelito was able to speak and repeatedly told him he was okay. Manuelito was not placed in an ambulance, was not transported to a hospital, and there is no evidence that any medical treatment was administered. The patient care record that was admitted into evidence confirms that Manuelito did not receive assistance beyond waking him up. Although the EMS patient report categorized the EMS call type by referencing unconsciousness or "fainting" and "basic life support," the narrative states "[n]o medical issue," the disposition reads "[c]ancelled (No Patient Contact)," and the call was closed eight minutes after arrival. Those contemporaneous medical records not only fail to corroborate a medical emergency but also indicate that medical assistance ultimately was not needed or provided.

Manuelito did not establish he was suffering a drug-related medical emergency at the time police obtained the evidence supporting his drug-related charges for immunity to apply under Idaho Code section 37-2739C(2). Therefore, the statute does not provide him immunity from prosecution on counts one through three. The district court erred in concluding otherwise.

## V. CONCLUSION

We reverse the district court's decision granting Manuelito's motion to dismiss and remand the case for further proceedings consistent with this opinion.

Chief Justice BEVAN and Justices BRODY, MOELLER and ZAHN CONCUR.