**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51054**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  February 7, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| CHRISTINE LORRAINE KEYES, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County.  Hon. Barbara Buchanan, Senior District Judge.

Order of the district court denying motion to dismiss and judgment of conviction, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Christine Lorraine Keyes appeals from the district court's order denying her motion to dismiss.  Keyes argues the district court erred by determining that she was not immune from prosecution under Idaho's overdose immunity law, Idaho Code § 37-2739C(2), based on its findings that she was not suffering from a drug-related medical emergency and that she was not in need of medical assistance.  We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Police were contacted about a woman passed out in her vehicle in a parking lot.  Officer Davis observed the occupant, later identified as Keyes, slumped over towards the middle console. Officer Davis knocked on the passenger side window and, after receiving no response, opened the door and shook Keyes.  Officer Davis observed folded up tin foil squares used for smoking pills

1

on the center console and seat. Officer Davis contacted dispatch to send paramedics for a potential overdose. Keyes was alert and indicated that she had fallen asleep and was fine. Keyes declined any medical evaluation from the paramedics. Officer Davis searched Keyes' vehicle and located fentanyl pills and arrested Keyes. The State charged Keyes with possession of a controlled substance (fentanyl), I.C. § 37-2732(c)(1), possession of drug paraphernalia, I.C. § 37-2734A(1), and possession of an open container of alcohol in a motor vehicle I.C. § 23-505.

Keyes filed a motion to dismiss the possession of a controlled substance and possession of drug paraphernalia counts pursuant to Idaho's overdose immunity law, I.C. § 37-2739C. After conducting a hearing, the district court held the factual requirements of I.C. § 37-2739C were not met and denied the motion to dismiss. Specifically, the district court found the facts did not establish that Keyes was experiencing a drug-related medical emergency and in need of medical assistance. Keyes entered a conditional guilty plea to both charges reserving the right to appeal the court's denial of her motion to dismiss.[1] Keyes appeals.

## II.

## STANDARD OF REVIEW

This Court applies an abuse of discretion standard when it reviews a trial court's decision on a motion to dismiss. *State v. Eversole*, 160 Idaho 239, 244 371 P.3d 293, 298 (2016). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

"Mindful of the district court's factual findings," Keyes asserts the district court erred by denying her motion to dismiss in which she claimed she was immune from prosecution pursuant to I.C. § 37-2739C. Idaho Code § 37-2739C(2) provides:

> A person who experiences a drug-related medical emergency and is in need of medical assistance shall not be charged or prosecuted for possession of a controlled substance pursuant to [I.C. § 37-2732(c) or (e)], for using or being under the influence of a controlled substance pursuant to [I.C. § 37–2732C(a)], or for

---

[1] The open container charge was dismissed.

using or possessing with intent to use drug paraphernalia pursuant to [I.C. § 372734A(1)], if the evidence for the charge of possession of or using or being under the influence of a controlled substance or using or possessing drug paraphernalia was obtained as a result of the medical emergency and the need for medical assistance.

After considering Officer Davis's testimony and the footage from Officer Davis's body cam, the district court found that Keyes was neither experiencing a drug-related medical emergency nor in need of medical assistance as required by I.C. § 37-2739C(2). Keyes does not assert that any of the district court's factual findings are clearly erroneous but argues the district court erred in concluding that the requirements of the statute were not met. Specifically, Keyes asserts that Officer Davis's "*belief* that she was suffering a potential overdose" and call for paramedics even after Keyes was alert shows that the district court erred by determining that she was not immune from prosecution under I.C. § 37-2739C(2) (emphasis added). Statutory interpretation is a question of law over which this Court exercises free review. *State v. Owens*, 158 Idaho 1, 3, 343 P.3d 30, 32 (2015).

Contrary to Keyes' argument, I.C. § 37-2739C(2) does not rely upon a mere belief that the defendant may be suffering from a medical emergency or that she may be in need of medical assistance. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. The statute provides that a "person *who experiences* a drug-related medical emergency and *is in need* of medical assistance shall not be charged or prosecuted for possession of a controlled substance" if the evidence supporting the charge "was obtained as a result of the medical emergency and the need for medical assistance." I.C. § 37-2739C(2) (emphasis added). Under the plain language, the statute only applies if the evidence shows that the defendant was actually experiencing a drug-related medical emergency and, in fact, in need of medical assistance.[2] The officer's subjective belief is not controlling in the analysis.

---

[2]     Moreover, the discovery of the evidence must be obtained "as a result" of both of those conditions. Idaho Code § 37-2739C(2).

3

The district court found that when Officer Davis opened the door of Keyes' vehicle, he subjectively believed Keyes was having a medical emergency, and his belief was objectively reasonable because she was slumped over, her chest did not appear to be rising, and she had a small amount of foam in the corner of her mouth. Officer Davis roused Keyes, and she was alert. Officer Davis called for paramedics but indicated that "she's good to go, she is alert." Officer Davis asked Keyes if she had overdosed, and she said no. Officer Davis had Keyes exit the driver's seat and sit in the back seat. Officer Davis asked Keyes what she had taken, and she said that she was fine rather than answering the question. Keyes retrieved her purse and handed Officer Davis her identification. When asked if what Officer Keyes had found was heroin or "mexies," Keyes indicated that she would rather not answer. The paramedics advised Officer Davis that Keyes declined care and was alert and oriented.

The district court determined that Officer Davis was justified in initially contacting Keyes based on a reasonable belief that she was experiencing a medical emergency. The district court further determined that, although Keyes was clearly under the influence of some controlled substance, she was not experiencing a drug-related emergency. The district court noted that Keyes was sufficiently alert and oriented to ignore questions from Officer Davis and indicated her belief in her right not to answer his questions. The district court found that the facts did not establish that Keyes was in need of medical assistance given her orientation, responsiveness, claim that she was "fine," and refusal of medical treatment. The facts do not establish that Keyes was experiencing a drug-related medical emergency or that she was in need of medical assistance because of such emergency. The district court's findings are supported by substantial and competent evidence in the record and the district court correctly determined that I.C. § 37-2739C(2) did not apply.

## IV.

## CONCLUSION

Keyes has failed to show that the district court erred in denying her motion to dismiss. Therefore, the district court's order denying Keyes' motion to dismiss and her judgment of conviction are affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.

4