**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51734**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed:  December 23, 2025** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| TALON SCOTT ROSS, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Susie Jensen District Judge.

Order denying motion to dismiss, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Talon Scott Ross appeals from the district court's order denying his motion to dismiss. Ross claims the district court erred by determining that he was not immune from prosecution for his drug-related offenses under Idaho Code § 37-2739C.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A concerned citizen observed Ross and his girlfriend, Taylor Tottenham, slumped over in Ross's vehicle, and noticed a piece of tin foil, a torch lighter, and a straw in Tottenham's lap. Concerned that Ross and Tottenham were overdosing, the citizen called 911.  Deputy Davison arrived and observed Ross and Tottenham slumped over in the vehicle as well as the piece of tin foil on Tottenham's lap.  Ross woke up after Deputy Davison opened the front door and began speaking with him.  Tottenham woke up to her name being called.  Ross and Tottenham admitted to using fentanyl but told Deputy Davison they were not overdosing.  Deputy Davison did not see

1

any signs of a medical emergency as both Ross and Tottenham were alert, responsive, answered his questions, and followed his directions. Neither Ross nor Tottenham requested medical attention. Emergency personnel were called off. Deputy Davison remained with Ross and Tottenham for approximately forty minutes and observed no deterioration in their mental or physical status before they were transported to the public safety building. Upon searching the vehicle, Deputy Davison located another piece of tin foil with three blue pills inside, which he suspected contained fentanyl. He then retrieved the piece of tin foil he had initially observed on Tottenham's lap, as well as a modified straw used for inhaling vapors of heated narcotics. Another deputy assisting in the search located more tin foil inside the front passenger compartment.

Ross was charged with possession of a controlled substance (fentanyl), I.C. § 37-2732(c)(1), possession of drug paraphernalia, I.C. § 37-2734A(1), and misdemeanor driving under the influence (DUI), I.C. § 18-8004(1)(a). Ross filed a motion to dismiss, claiming immunity from prosecution under Idaho's overdose immunity law, I.C. § 37-2739C. After a hearing, the district court denied the motion. Ross pled guilty to possession of a controlled substance and misdemeanor DUI, preserving his right to appeal the district court's order denying his motion to dismiss. The State dismissed the remaining charge. Ross appeals.

## II.

## STANDARD OF REVIEW

This Court applies an abuse of discretion standard when it reviews a trial court's decision on a motion to dismiss. *State v. Eversole*, 160 Idaho 239, 244, 371 P.3d 293, 298 (2016). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multitiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

"Mindful" of this Court's holding in *State v. Keyes*, 175 Idaho 182, 563 P.3d 1243 (Ct. App. 2025) and the district court's factual findings that Ross was neither suffering from a drug-related medical emergency nor in need of medical assistance, Ross asserts that the district court erred by denying his motion to dismiss. Idaho Code § 37-2739C provides:

2

(2)    A person who experiences a drug-related medical emergency and is in need of medical assistance shall not be charged or prosecuted for possession of a controlled substance pursuant to [I.C. § 37-2732(c) or (e)], for using or being under the influence of a controlled substance pursuant to [I.C. § 37-2732C(a)], or for using or possessing with intent to use drug paraphernalia pursuant to [I.C. § 37-2734A(1)], if the evidence for the charge of possession of or using or being under the influence of a controlled substance or using or possessing drug paraphernalia was obtained as a result of the medical emergency and the need for medical assistance.

In *Keyes*, we held:

The statute provides that a "person *who experiences* a drug-related medical emergency and *is in need* of medical assistance shall not be charged or prosecuted for possession of a controlled substance" if the evidence supporting the charge "was obtained as a result of the medical emergency and the need for medical assistance." I.C. § 37-2739C(2) (emphasis added). Under the plain language, the statute only applies if the evidence shows that the defendant was actually experiencing a drug-related medical emergency and, in fact, in need of medical assistance. The officer's subjective belief is not controlling in the analysis.

*Keyes*, 175 Idaho 184, 563 P.3d at 1245 (footnote omitted).

In *Keyes*, we affirmed the district court's denial of Keyes' motion to dismiss under facts strikingly similar to those in this case. There, police were contacted about a woman who was passed out in her vehicle in a parking lot, and upon arriving, the investigating officer observed Keyes inside slumped over towards the middle console. *Id.* at 183, 563 P.3d at 1244. The officer knocked on the passenger window, but Keyes did not respond, so the officer opened the door and roused Keyes with a shake. *Id.* Keyes then woke up, appeared alert, and informed the officer that she was fine, but at that point the officer had observed controlled substances and paraphernalia in her vehicle. *Id.* When paramedics arrived, Keyes declined medical evaluation. *Id.* The district court found that, although Keyes was clearly under the influence of a controlled substance, she was not experiencing a drug-related emergency. *Id.* at 184-5, 563 P.3d at 1245-46.

Although Ross acknowledges the holding in *Keyes* and the factual findings of the district court, Ross argues that the district court erred because: (1) the reason police were dispatched was a citizen's concern for a drug overdose and to obtain medical assistance; (2) Ross's expert witness opined that Ross exhibited signs and symptoms of an overdose; (3) the officer responded as if the situation involved a medical emergency; and (4) since the district court found that Ross failed to provide sufficient evidence that he was experiencing a drug-related medical emergency and that he needed medical assistance, the district court summarily concluded that the drug-related

3

evidence was not obtained as a result of the medical emergency and the need for medical assistance without specifically addressing the issue of causation.

Consistent with *Keyes*, the district court determined that the proper inquiry under I.C. § 37-2739C(2) "is not whether there is a potential emergency or whether someone thinks there's an emergency, it's whether a person actually experiences a drug-related medical emergency." While recognizing that the citizen and Deputy Davison responded to Ross's condition as if there were a potential emergency, the district court found that the question is whether or not Ross experienced a drug-related medical emergency and not whether he experienced an overdose. The district court further explained that whether an overdose constitutes a medical emergency is something that must be determined by the court on a case-by-case basis.

The district court found Ross was not experiencing a drug-related medical emergency during his encounter with the police. The district court acknowledged that Ross was slumped over and appeared unconscious; however, upon initial contact, Ross responded to verbal cues, and appeared to be coherent. The district court also noted Ross was not having trouble breathing, responded to directions, answered questions, and never requested medical assistance at any point. Further, Ross was accompanied by Deputy Davison for approximately forty minutes, and at no point did Deputy Davison observe any deterioration or indication that medical assistance was needed. The district court concluded that Ross was not experiencing a medical emergency, was not in need of medical assistance, and the evidence was not obtained as a result of such conditions.

Substantial and competent evidence in the record supports the district court's findings. In finding Ross was not experiencing a drug-related emergency and was not in need of medical assistance, the district court considered the facts, as noted above, which Ross argues it failed to consider. The district court acknowledged the reason police were dispatched was a citizen's concern for a drug overdose and to obtain any needed medical assistance. Deputy Davison responded as if it was a medical emergency and Ross's expert believed that Ross suffered an overdose. The district court correctly determined the fact that one may be experiencing an overdose does not necessarily mean the individual is suffering a drug-related medical emergency or is in need of medical assistance, both of which must exist before the statute applies. The district court did not err in denying Ross's motion to dismiss.

4

## IV.

## CONCLUSION

The district court's findings that Ross was not suffering a drug-related medical emergency or in need of medical assistance are supported by substantial and competent evidence in the record. Therefore, the district court's order denying Ross's motion to dismiss is affirmed.

Judge LORELLO and Judge Pro Tem MELANSON **CONCUR**.